# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00185-CR-W-NKL |
| ) | |
| JOHN ENNESS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant John Enness's Appeal From Order of Detention [Doc. # 21]. For the reasons set forth herein, the Appeal is denied.

## I. Background

On May 29, 2007, Enness was indicted on charges of production of child pornography in violation of 18 U.S.C. § 2251(a), possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) and criminal forfeiture. Prior to his indictment, Enness appeared at a detention hearing before United States Magistrate Judge Sarah W. Hays on May 15, 2007. After taking the issue of Enness's detention under advisement, Judge Hays, on May 31, 2007, found "[b]y clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." (Doc. 18 at 1).

### A. Enness's Background

1

Enness is 68 years old, a lifelong resident of the Kansas City area and a retired school teacher. He currently suffers from diabetes with complications causing vision problems and leg pain. He has monthly income of $5,000. Enness has never been convicted of a crime.

**B.    Hearing Testimony**

At Enness's detention hearing, Detective John Howe of the Independence Police Department testified for the Government. Howe testified that, through his interviews with Enness, he learned that Enness was sexually attracted to 9 to 12 year old boys. Enness admitted to surreptitiously videotaping four separate juvenile males masturbating in his home. Enness also admitted that, on several occasions, neighborhood boys spent the night with him at his home. In addition, Enness admitted that he had two safety deposit boxes at a local bank where he kept approximately 100 computer disks containing child pornography. Howe testified that officers searched the safety deposit boxes and recovered 217 computer disks containing approximately 3,800 images and 744 videos. Howe randomly viewed 50 of the images and videos and found that each contained child pornography.

Ms. Judy Mobley testified for Enness. Mobley described Enness as her "surrogate brother" and explained that Enness had a very close relationship with her mother. Mobley testified that she would be willing to assist Enness in being released. To that end, she indicated that she would be willing to co-sign a bond, and that she would be willing to serve as Enness's third-party custodian.

2

Case 4:07-cr-00185-NKL   Document 24   Filed 07/09/07   Page 2 of 4

## II. Discussion

The District Court reviews a magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). The purpose of a detention hearing is to determine if a court can impose conditions which would "reasonably assure" the defendant's appearance at all scheduled hearings and "the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). In cases involving an offense involving a minor victim under 18 U.S.C. §§ 2251 or 2252, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed . . . ." 18 U.S.C. § 3142(e). In considering whether this presumption has been overcome, the Court must consider the following four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics (including past conduct); and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Enness was indicted under 18 U.S.C. §§ 2251(a) and 2252(a)(4). If convicted, his maximum sentence would far exceed 10 years in prison. Thus, he is subject to the statutory presumption that no condition or combination of conditions of release will reasonably protect the community.

3

Enness is charged with the production of child pornography, possession of child pornography and criminal forfeiture. Given that these charges have been deemed sufficiently dangerous by Congress to warrant a presumption against release, this factor weighs in favor of detention. The weight of the evidence against Enness also favors detention. He confessed to surreptitiously videotaping boys engaged in sexual acts and he possessed hundreds of computer disks, at least 50 of which contained child pornography.

Enness's history and characteristics favor his release from detention. He is 68 years old and in poor health. Moreover, he has never been convicted of a crime. Notwithstanding his lack of prior convictions and Ms. Mobley's offer to watch over him, Enness's release would pose a serious danger to members of the community, particularly children.

## III. Conclusion

Enness has not presented sufficient evidence to overcome the presumption that no combination of conditions will reasonably ensure the safety of the community. The Court finds that Enness's release would place the community in danger. Therefore, his Appeal From Order of Detention [Doc. # 21] is DENIED.

IT IS SO ORDERED.

                s/ Nanette K. Laughrey
                NANETTE K. LAUGHREY
                United States District Judge

Dated: July 9, 2007
Jefferson City, Missouri